Setoff. — On June 11, 1976 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and KuNZiQ, Judges.
“This case comes before the court on plaintiff’s motion,, filed March 19, 1976, for voluntary dismissal of remaining issues and on defendant’s opposition thereto and motion for leave to amend answer, filed March 29,1976, having been con-. sidered without oral argument.
“Plaintiff, Central States Health & Life Insurance Company of Omaha, is a. mutual life insurance company as defined in Sec. 801(a) of the Internal.Revenue Code (IRC). On August 2, 1974, plaintiff filed a petition in this court seeking a refund of income tax allegedly overpaid in 1965,. 1966 and 1969, with interest, in the amount of $302,150.28.
“The court, by order of October 30,1975 [207 Ct. Cl. 1047j-granted plaintiff’s motion for partial summary judgment on the issue set forth in paragraphs 10-14 of Part VII of the-petition and in paragraphs 24-26 of Part IX. Pursuant to the order plaintiff is entitled to recover an amount to be deter-mined under Rule 131(c) representing the appropriate Sec.. 809(d) (5) deduction of a percentage of the premiums received on the non participating guaranteed renewable accident and health insurance contracts which are issued or renewed for 5 years or more.
“Plaintiff is before the court now asking us to dismiss with-prej udice the remaining issue in its petition pursuant to Court of Claims Rule 102(a) (2). The question therein is whether- *703 the increases in the costs of collecting deferred and uncollected premiums should have been deducted under Sec. 809 (d)(5) and correspondingly, whether any decreases in costs should reduce the Sec. 809(d)(5) deduction. The IRS did not allow plaintiff to deduct the increase. However, the IRS did include, as part of the premiums, as defined in Sec. 809 (c) (1), the increase during the year in the deferred and uncollected premiums and it reduced premiums where there was a decrease in such items. Plaintiff did not contest the inclusion of the increases in the premiums but only asked that the increase in costs for collecting these premiums foe allowed as a deduction.
“Defendant avei’S that it raised in its answer, as an offset, the contention that plaintiff improperly included amounts attributable to deferred and uncollected premiums in its life insurance reserves for tax purposes. It wants to use this to reduce the claims plaintiff got judgment on. Defendant does not want to withdraw this offset and would oppose granting plaintiff’s motion if it means dismissing the offset. Defendant contends that the issue raised in its answer does not depend on plaintiff’s claim, but has asked for leave to amend its answer to make it clear that this is a separate issue. Its original answer asserted this claim only if the court determined that, any amounts should be deducted or excluded from deferred and uncollected premiums. Its proposed amendment cuts that, link.
“The court concludes that defendant is seeking an offset, or setoff, and is not raising an affirmative or avoidance defense such as res judicata, collatei’al estoppel, accord and satisfaction, etc. and it is therefore to be treated as a setoff and not as an affirmative defense. Defendant’s entitlement to a setoff will not be prejudiced if we dismiss the remainder of plaintiff’s claim and defendant can assert its setoff against that part of plaintiff’s petition on which we have already granted summary judgment. Since plaintiff is seeking a dismissal with prejudice, it cannot bring suit in the future on the claim so dismissed.
“rr is therefore okdeRed that plaintiff’s said motion, filed March 19, 1976, to voluntarily dismiss the remaining issues, of the claim, as set forth therein, with prejudice is granted..
*704 “it is further ordered that defendant’s motion, filed March 29, 1976, for leave to amend the answer is granted.
“The case is returned to the trial division for further appropriate proceedings.”