“This tax case was the subject of our order of October 30, 1975, 207 Ct. Cl. 1047, in which we granted plaintiff partial summary judgment, the amount of the award to be determined under Eule 131(c). Our order provided that the determination of the amount of plaintiff’s recovery would await the outcome of defendant’s then pending claim for setoff against plaintiff. In our subsequent order of June 11, 1976,210 Ct. Cl. 702, we granted plaintiff’s motion to dismiss with prejudice one of its remaining claims, that is, one not the subject of the prior summary judgment. Defendant opposed plaintiff’s motion to dismiss, if our granting the motion would have meant dismissing the setoff as well. We untangled this situation by granting plaintiff’s dismissal, with prejudice, and determining that defendant’s entitlement to setoff would not be prejudiced thereby and could still be asserted. Moreover, we granted defendant leave to amend its answer, apparently to demonstrate that the setoff was separate from plaintiff’s claims.
“Defendant filed its amended answer on June 11, 1976, stating its setoff as a separate ‘second defense.’ Plaintiff has since moved the court to dismiss the defense, on several grounds that we have not had to reach because defendant, by its response of October 12, 1976, now states that it does not oppose plaintiff’s motion to dismiss, based on the facts and circumstances of the case.
*589 “The controversy in this case thus exhausted, the matter is ripe for disposition. Our Eule 102(e) allows us to treat dismissals of counterclaims as we do dismissals of other action. We regard plaintiff’s motion to dismiss defendant’s setoff claim, together with defendant’s stated nonopposition as a stipulation of dismissal between the parties.
“therefore rr is ordered that defendant’s counterclaim be dismissed, with prejudice, under Eule 102(e). Pursuant to our order of October 30, 1975, the amount of plaintiff’s recovery may now be determined under Eule 131 (c).”
In accordance with a memorandum report of the trial judge, the court’s prior orders, and a stipulation of the parties, on February 14,1977 the court entered judgment for plaintiff for $291,395.29, together with interest thereon as provided by law.